Sean M. Larson, 7-5112
John Fritz, 7-6318
Kari Hartman, 8-6507
Hathaway & Kunz, LLP
P.O. Box 1208
Cheyenne, WY 82003-1208
(307) 634-7723
slarson@hkwyolaw.com
jfritz@hkwyolaw.com
khartman@hkwyolaw.com

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| **JAMES WASSERSON** and **GREGORY WASSERSON**,<br>    Plaintiffs,<br><br>v.<br><br>**SANCTUARY BROADWAY MULTIFAMILY, LLC**, a Wyoming limited liability company; **SANCTUARY MGR, LLC**, a Wyoming limited liability company; and **ROUGE EQUITY, LLC**, a Wyoming limited liability company;.<br>    Defendants. | Case No.: |

### COMPLAINT

Plaintiffs, James Wasserson and Gregory Wasserson (collectively, the "Plaintiffs"), by and through its counsel, HATHAWAY & KUNZ, LLP, hereby submit this Complaint as follows:

### PARTIES

1. Plaintiffs are individuals and residents of the Commonwealth of Pennsylvania.

2. Defendant, Sanctuary Broadway Multifamily, LLC, is a limited liability company organized in the State of Wyoming ("SBM"), formed on January 26, 2022, with a principal place of business at 1309 Coffeen Avenue, Ste. 1200, Sheridan, WY 82801.

3. Defendant, Sanctuary MGR, LLC, is a limited liability company organized in the State of Wyoming ("MGR"), formed on January 26, 2022, with a principal place of business at 1309 Coffeen Avenue, Ste. 1200, Sheridan, WY 82801.

4. Defendant, Rouge Equity, LLC, is a limited liability company organized in the State of Wyoming ("RE"), formed on February 13, 2018, with a principal place of business at 1883 West Royal Hunte Drive, Ste. 200-A, Cedar City, UT 84720.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over this action pursuant 28 U.S.C. §§ 1331 & 1332(a), as the amount in controversy exceeds $75,000.00 and complete diversity of citizenship exists between Plaintiffs, citizens of the Commonwealth of Pennsylvania, and Defendants; further, this action arises, in part, under Federal securities laws, and the Court has supplemental jurisdiction over the related state law claims.

6. Venue is proper in this District under 28 U.S.C. § 1391(b) as multiple defendants are organized and maintain their principal place of business within the State of Wyoming.

## BACKGROUND

7. This action results from the Defendants' bait-and-switch regarding the investment in a Wyoming entity formed to own, improve, and operate a residential multifamily property commonly known as Sanctuary on Broadway Apartments, located at 1330 W Broadway Rd., Tempe, AZ 85282 (the "Property").

8. SBM is the special purpose entity formed to own, improve, and operate the Property.

9. MGR is a special purpose entity formed to contract and raise funds for the purchase of the Property, to manage, and effectively be in control of SBM.

10. RE is the manager and majority equity holder of MGR.

11. Upon information and belief, Elisa Zhang is the sole member of RE.

12. Upon information and belief, all actions taken by MGR and SBM were executed by or on behalf, and at the direction, of RE, by and through Ms. Zhang.

13. Upon information and belief, Ms. Zhang and RE have raised capital for the purchase of other multifamily residential properties and manage the same through other entities.

## THE OFFERING

14. On or about March 18, 2022, SBM distributed a confidential Private Placement Memorandum (the "PPM") inviting sophisticated and accredited investors to invest in SBM under 17 C.F.R. § 230.500, *et. seq.*, seeking $25,000,000.00 in capital (the "Offering").

15. Upon information and belief, Kelley Clarke, PC, a Texas professional corporation ("KC"), assisted the Defendants in drafting the PPM, including SBM's operating agreement and its Supplements (as hereinafter defined).

16. The PPM represented to its distributees that SBM would:

   a. Use the funds raised to purchase the Property;

   b. Use the funds raised to rehabilitate the Property;

   c. Obtain permanent agency financing to assist with the foregoing; and

   d. Be managed by MGR.

17. The PPM specifically described in its "INVESTMENT OBJECTIVE AND STRATEGY" that the purpose of the investment was for SBM to purchase, rehabilitate, and operate the Property:

> SANCTUARY BROADWAY MULTIFAMILY, LLC will own the distinct multifamily property Sanctuary on Broadway Apartments located at 1330 W Broadway Rd, Tempe, AZ 85282 (the "Property"). After acquisition of the Property, the Company will improve the Property's condition through certain rehabilitation, tenant composition, and improved multifamily management services. The real estate market surrounding the Property has faced increasing demands for clean, energy efficient, and safe multifamily residential products.

PPM at 42.

18. The PPM also stated that MGR would be paid a fee of 3% of the total purchase price of the Property upon the closing thereof (the "Manager's Closing Fee").

19. Subsequent to the initial distribution of the PPM, SBM supplemented the PPM no less than eight times, with the final supplement being dated August 5, 2022 (collectively, the "Supplements").

20. The Supplements only served to provide potential investors notice of new or removed sponsors of the SBM or increases in the aggregate funding goal for SBM's capital raise.

21. The PPM included a "Business Summary," which was attached as an exhibit thereto.

22. The Business Summary provided general and specific pro forma statements, including calculations of annual debt service for permanent agency financing.

23. On or before December 20, 2022, SBM stopped accepting investments pursuant to the Offering.

24. Despite the representations and warranties in the PPM, as well as the statements in the Business Summary, Defendants bait-and-switched the Plaintiffs and all other SBM investors.

## PERMANENT AGENCY FINANCING

25. Upon information and belief, on or about May 13, 2022, SBM obtained and closed on their permanent agency financing, which was a three-year balloon, variable interest bridge loan with Arbor Realty Trust, Inc., a Maryland corporation ("Lender"), secured by a mortgage on the Property.

26. Upon information and belief, the funds from the Lender were used to purchase and rehabilitate the Property.

## SECRET JOINT VENTURE

27. On or about May 13, 2022, SBM entered into Sanctuary Multifamily JV, LLC, a Delaware limited liability company ("JV"), which is a joint venture with Electra Capital PM II A LLC, a Delaware limited liability company ("Electra").

28. The operating agreement for the JV (hereinafter the "JVOA") identified SBM as the manager of the JV and owner of 17,600 units of common interest, with Electra holding 7,500 units of Class A interest.

29. The JVOA also required the JV's net cash flow, earned through operations from the Property, to be distributed to Electra at a rate of 10% of the aggregate capital contributed to the JV by Electra until all capital contributed was returned, which was more than $7,500,000 ("Monthly Electra Payments").

30. The JVOA also provided Electra with unilateral authority to remove SBM as the manager of the JV, remove all managements rights of SBM for the JV, and convey the Property without the consent of SBM upon the JV's failure to make a Monthly Electra Payment.

31. Neither the PPM nor any supplement disclosed the existence of the JV, JVOA, or any relationship with Electra, nor did the Business Summary contain any reference or calculation describing or accounting for the Monthly Electra Payments.

32. Upon information and belief, KC advised the Defendants and participated in the negotiating and drafting of the JVOA.

33. On or about May 13, 2022, the JV closed on and acquired title in the Property, via a special warranty deed.

34. Nowhere in the PPM, Business Summary, or any other document associated with the PPM stated this funding mechanism (or any funding mechanism like it) would be used.

35. Instead, this funding mechanism is expressly contrary to the terms of the PPM:

> Inadequacy of Funds: The Maximum Aggregate Offering of $25,000,000.00 may not be realized.  The Offering may be closed at the Minimum Aggregate Offering of $20,000,000.00.  The Manager believes that such proceeds will capitalize and sustain the Company sufficiently to allow for the implementation of the Company's business.  However, if certain assumptions contained expressly or implicitly in the Company's business plan to prove to be incorrect, the Company may have inadequate funds to fully develop its business and may need debt additional debt financing or other capital investment to fully implement the Company's business plans.  The Managers reserve the right to allow subsequent capital contributions from the Class A Unit holders, only if authorized by the Members as set forth in the Company Agreement, obtain a loan, or initiate future raises if necessary.

PPM at 38.

36.     The Company Agreement referenced expressly excludes from the Manager's authority the ability to encumber (i.e., grant a mortgage in) SBM's assets.  *See* Exhibit E to PPM at § 6.1(a)(xvii).

37.     The SBM managers never sought authorization for financing through the JV.

## PLAINTIFF'S INVESTMENTS IN SBM

38.     On or about May 16, 2022, Plaintiff James Wasserson submitted his subscription materials sent to him by SBM for the purchase of 1,000 Class A Units of SBM in exchange for his $1,000,000 investment, pursuant to the PPM (the "JSA").

39.     On or about May 10, 2022, Plaintiff Gregory Wasserson submitted his subscription materials sent to him by SBM for the purchase of 100 Class A Units of SBM in exchange for his $500,000 investment (the "GSA").

40.     On or about June 16, 2022, SBM executed and returned a receipt and acceptance of the Plaintiffs' SAs and, upon information and belief, recorded their respective capital contributions and unit ownership on the books and records of SBM ("Plaintiffs' Investments").

## DEFENDANTS' SEC REPRESENTATIONS

41.     On May 19, 2022, SBM filed a FORM D Notice of Exempt Offering of Securities (the "SBM Form D") with the Securities and Exchange Commission (the "Commission").

42.     Section 16 of the SBM Form D stated that SBM had not and did not propose to use any proceeds from the Offering for payments to any executive officers, director or promoters.

## DEFENDANTS' SCIENTER

43.     Upon information and belief, SBM compensated RE, Simple Passive Cashflow HUI, LLC, a Hawaii limited liability company, 2909 Investment Holdings LLC, a Wyoming

limited liability company, PNW Investment Group, LLC, an Idaho limited liability company, Steady Stream Investments, LLC, a Wyoming limited liability company, HIP Holdings, LLC, a Texas limited liability company, and Concrete Ventures, LLC, a Nevada limited liability company (collectively, the "Non-Contributing Sponsors"), for their efforts in recruiting investors for the Offering by crediting them an estimated $1,279,000 of equity in SBM (the "Unpaid Equity").

44. The Defendants knew that they should have disclosed the existence of the JV, the JVOA, title in the Property should have been disclosed or otherwise made public prior to accepting Plaintiffs' Investments given that such information is fundamentally material to Plaintiffs' decision to invest in SBM.

45. The Defendants knew that the statements regarding Offering proceeds being paid to sponsors of the Offering made in the SBM Form D were false when they caused SBM to file the same.

46. When drafting the PPM and its Supplements, Ms. Zhang, RE, MGR, and SBM intentionally failed to disclose SBM's relationship with Electra, the JV and the JVOA the PPM's distributes, including the Plaintiffs, prior to May 16, 2022.

47. When drafting the PPM and its Supplements, Ms. Zhang, RE, MGR, and SBM were aware that SBM did not intend or otherwise plan to purchase the Property.

48. When drafting the PPM and its Supplements, Ms. Zhang, RE, MGR, and SBM were aware that they needed capital beyond the funds being raised in the Offering and borrowed from Lender.

49. When drafting the PPM and its Supplements, Ms. Zhang, RE, MGR and SBM were aware and otherwise intentionally coordinated with the Non-Contributing Sponsors a concerted

effort to provide the Non-Contributing Sponsors with equity in SBM without compensation to SBM.

50. Upon information and belief, the Manager's Closing Fee was paid by SBM using the proceeds raised in the Offering.

51. Upon information and belief, Ms. Zhang's, RE's, MGR's and SBM's failure to adhere to the terms of the JVOA caused SBM to be removed as the manager of the JV.

## **DEFENDANTS' FAILURE TO OBSERVE CORPORATE FORMALITIES**

52. Upon information and belief, Ms. Zhang intermingled the assets of RE and MGR with other entities and real property associated with Ms. Zhang and RE.

53. Upon information and belief, Ms. Zhang, RE, and MGR used SBM's assets to personally enrich Ms. Zhang and the Non-Contributing Sponsors.

54. Upon information and belief, Ms. Zhang, RE, and MGR used SBM's assets to enrich other entities owned and operated by Ms. Zhang, RE, and the Non-Contributing Sponsors.

55. Ms. Zhang, RE and MGR have failed to keep SBM's members informed of SBM's financial distress and failed to hold any meetings of the members.

## **FIRST CLAIM FOR RELIEF**
(Negligent Misrepresentation)

56. Plaintiffs incorporate the allegations of the above paragraphs as though fully set forth herein.

57. The Defendants created and/or otherwise supplied the information contained within the PPM.

58. When the PPM was created, the Defendants knew or should have known that some of the information contained therein was materially false and/or misleading, specifically:

      a. The existence or participation in the JV;

      b. Electra's involvement in financing the purchasing of the Property and the financing terms therewith;

      c. The JV's ownership of the Property rather than SBM;

      d. The payments and or equity credits provided to the Non-Contributing Sponsors.

59. The Defendants distributed the PPM with the intent that recipients rely upon the information contained therein and invest in SBM.

60. The Defendants knew, on or before May 13, 2022, that SBM was obtaining undisclosed financing, joining the JV, not purchasing the Property, and that the Non-Contributing Sponsors were not contributing the Unpaid Equity.

61. On and after May 13, 2022, the Defendants failed to disclose the foregoing to Plaintiff or otherwise update the PPM.

62. The Plaintiffs reasonably relied upon the truth and accuracy of the information contained within the PPM when submitting the Plaintiffs' SAs and making Plaintiffs' Investments.

63. As a result of the Defendants' actions, the Plaintiffs have suffered damages in an amount to be determined at trial.

## SECOND CLAIM FOR RELIEF
(Fraud)

64. Plaintiffs incorporate the allegations of the above paragraphs as though fully set forth herein.

65. The Defendants misrepresented and/or misled its potential investors in the PPM by stating that SBM would purchase the Property.

66. The Defendants misrepresented and/or misled its potential investors in the PPM by omitting the existence of the JV, the JVOA, its non-investor financing outside of Arbor and the Unpaid Equity being provided to the Non-Contributing Sponsors.

67. The foregoing misrepresentations and omissions that the Defendants knew were false or were otherwise intentionally or recklessly concealed by the Defendants were material.

68. The Defendants knew that Plaintiffs would and intended for the Plaintiffs to rely upon the material misrepresentations and omissions in the PPM when making their decision to invest in SBM.

69. The Plaintiffs reasonably relied upon the truth and accuracy of the foregoing material misrepresentation and omissions within the PPM when submitting the Plaintiffs' SAs and making Plaintiffs' Investments.

70. The Defendants' intentional or reckless misrepresentations and omissions were done with the intent to defraud Plaintiffs.

71. The Defendants' foregoing actions were made with scienter.

72. As a result of the Defendants' conduct, the Plaintiffs have suffered damages in an amount to be determined at trial.

**THIRD CLAIM FOR RELIEF**
(Civil Conspiracy)

73. Plaintiffs incorporate the allegations of the above paragraphs as though fully set forth herein.

74. Ms. Zhang, RE, MGR and SBM agreed by words and/or conduct to perform the tortious acts and the unlawful acts alleged herein.

75. Ms. Zhang's, RE's, MGR's and SBM's conduct constitutes one or more unlawful acts, which were performed to accomplish their tortious and unlawful goals.

76. The Plaintiffs have been damaged by the acts performed by Ms. Zhang, RE, MGR and SBM to accomplish their tortious and illicit goals.

77. As a result of Ms. Zhang's, RE's, MGR's and SBM's conduct, the Plaintiffs have suffered damages in an amount to be proven at trial.

## FOURTH CLAIM FOR RELIEF
(Breach of Good Faith and Fair Dealing - MGR)

78. Plaintiffs incorporate the allegations of the above paragraphs as though fully set forth herein.

79. As the manager of SBM, MGR owed all members of SBM a duty to discharge the obligations of the Company Agreement, and exercise any rights consistently with, the contractual obligation of good faith.

80. SBM's purpose was to engage in owning, operating, and managing that certain real property and all improvements commonly known as the Sanctuary on Broadway Apartments located at 1330 W Broadway Rd, Tempe, AZ 85282 (the "Property" or "Asset"); and further the Company shall hold no material assets other than the Property.

81. Section 6.11 of the Company Agreement required a majority (more than fifty percent (50%)) vote by the SBM members to "cause a change in the scope of business activities of the Company as described in Section 2.4 of this Company Agreement."

82. The Company never purchased, and has never owned, the Property.

83. MGR also violated § 6.1(a)(xvii) of the Company Agreement.

84. MGR's failure to cause SBM to comply with the obligations of the Company Agreement have caused the Plaintiffs to not receive the benefit of the Company Agreement.

85. As a result of Defendants' actions, the Plaintiffs have suffered damages in an amount to be proven at trial.

## FIFTH CLAIM FOR RELIEF
(Civil Liability Under Section 10(b)(5) of the Securities Act of 1934)

86. Plaintiffs incorporate the allegations of the above paragraphs as though fully set forth herein.

87. Section 10(b)(5) of the Securities Act of 1934 (1934 Act) creates in sellers of securities in unregistered offerings civil liability where a person in connection with the purchase or sale of a security directly or indirectly makes misstatements or material omissions of material fact which operates as a fraud or deceit upon any person.

88. Specifically, Section 10(b)(5) of the 1934 Act can be invoked in connection with the purchase or sale of any securities.

89. SBM and MGR, organized as Wyoming LLCs, along with KC, prepared and issued the PPM, in conjunction with the offering of a Regulation D private placement. As provided above, the PPM made multiple representations relating to SBM's intent to use funds received from investors to purchase, operate, and maintain the Property. To date, SBM has never purchased or owned the Property.

90. SBM specifically represented to investors in the PPM, including Plaintiffs, that MGR would manage SBM and, accordingly, the Property.

91. SBM specifically failed to disclose to investors, including Plaintiffs, that:

    a. MGR could be replaced as manager due to outside contractual obligations;

  b. SBM would never own the Property;

  c. JV and Electra existed or had any role in the Property's ownership or operation;

  d. the JVOA would constrain the investors, including Plaintiffs, underlying equity backing their investment;

  e. and through other written and verbal communications, which may be revealed during the discovery process.

92. SBM and MGR had a duty to be truthful and refrain from making any false or misleading statement in the PPM, as well as in other communications made to Plaintiffs in the process of inducing Plaintiffs' investment.

93. Statements made by SBM and MGR involving those provided above in ¶ 90, including its subparts, were material facts necessary for the evaluation of the PPM, but were not included therein.

94. SBM and MGR acted with scienter in intentionally misrepresenting and holding out to Plaintiffs, as well as other investors, through the PPM as well as through other written and verbal communications, that the Property was to be owned and operated by SBM.

95. Plaintiffs relied upon the representations of SBM and MGR, both in the PPM and in various written and verbal communications, regarding the ownership of the Property and the management of SBM's operations and assets.

96. Plaintiffs were justified in relying upon the promises and misstatements of SBM and MGR, as Plaintiffs were provided the PPM and the Defendants distributed the same with the intent that Plaintiffs rely upon the information therein.

97. Plaintiffs have been injured as a result of the actions and misrepresentations of SBM and MGR. Plaintiffs have sustained damages as a result of contributing monies, for which they are not receiving the benefit of the bargain represented by the PPM.

98. Plaintiffs seek damages due to the actions of SBM and MGR, or at minimum the right of rescission in an amount equal to the contribution of Plaintiff to SBM according to the terms of the PPM, for which it has been deprived value, plus interest and a reasonable return on investment.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs James Wasserson and Gregory Wasserson respectfully request that this honorable court enter judgment in their favor and against Sanctuary Broadway Multifamily, LLC, Sanctuary MGR, LLC, and Rouge Equity, LLC for the following relief:

a. Judgment against the Defendants, jointly and severally, for the Plaintiffs' Investments and other economic, incidental and consequential damages, along with noneconomic and punitive damages in a fair and just amount established at trial;

b. An order from this Court rescinding the JSA in an amount equal to the contribution therein according to the terms of the PPM, for which it has been deprived value, plus interest and a reasonable return on investment.

c. Judgment against the Defendants, jointly and severally, for the court costs, expert witness fees, deposition expenses, and other fees in bringing this action;

d. Attorney fees as permitted by applicable contracts and law; and

e. Such other relief as this Court deems just and proper.

## **JURY DEMAND**

Plaintiff demands a trial by jury on all issues that may be so tried.

Dated: June 14, 2024.

                                          Respectfully submitted,

                                          */s/ John Fritz*
                                          Sean M. Larson, 7-5112
                                          John Fritz, 7-6318
                                          Kari Hartman, 8-6507
                                          Hathaway & Kunz, LLP
                                          P.O. Box 1208
                                          Cheyenne, WY 82003-1208
                                          (307) 634-7723
                                          slarson@hkwyolaw.com
                                          jfritz@hkwyolaw.com
                                          khartman@hkwyolaw.com

                                          *Attorneys for Plaintiffs*