Zane A. Gilmer, Esq. (7-4545)
STINSON LLP
1144 Fifteenth Street, Suite 2400
Denver, Colorado 80202
Phone No.: 303.376.8416
Email: zane.gilmer@stinson.com

Thomas J. Salerno (*Pro Hac Vice*)
Anthony P. Cali (*Pro Hac Vice*)
STINSON LLP
1850 N. Central Avenue, Suite 2100
Phoenix, AZ 85004
Phone No.: 602.279.1600
Emails: Thomas.Salerno@stinson.com
         Anthony.Cali@stinson.com

*Attorneys for Defendants/Third-Party Plaintiffs*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| JAMES WASSERSON and GREGORY WASSERSON, <br><br> Plaintiffs, <br><br> vs. <br><br> SANCTUARY BROADWAY MULTIFAMILY, LLC, a Wyoming limited liability company; SANCTUARY MGR, LLC, a Wyoming limited liability company; and ROUGE EQUITY, LLC, a Wyoming limited liability company, <br><br> Defendants and Third-Party Plaintiffs. <br><br> vs. <br><br> KELLEY CLARKE, PC, a Texas professional corporation; MATTHEW M. CLARKE and JANE DOE CLARKE single or married persons; DUGAN P. KELLEY and JANE DOE KELLEY, single or married persons, <br><br> Third-Party Defendants. | Case No.: 2:24-cv-00124-ABJ |

1

## DEFENDANTS' THIRD-PARTY COMPLAINT

Defendants Sanctuary Broadway Multifamily, LLC, Sanctuary MGR, LLC, and Rouge Equity, LLC (hereinafter, "Defendants" or "Third-Party Plaintiffs"), by and through their counsel, Stinson LLP, hereby bring this Third-Party Complaint against Kelley Clarke, PC, a Texas professional corporation, Matthew M. Clarke and Jane Doe Clarke, and Dugan P. Kelley and Jane Doe Kelley, alleging as follow:

## PARTIES

1. Plaintiffs James and Gregory Wasserson (collectively, the "Wasserson Plaintiffs") are individuals and residents of the Commonwealth of Pennsylvania.

2. Defendant/Third-Party Plaintiff, Sanctuary Broadway Multifamily, LLC ("SBM") is a Wyoming limited liability company, with a principal place of business at 1309 Coffeen Avenue, Suite 1200, Sheridan, WY 82801.

3. Defendant/Third-Party Plaintiff, Sanctuary MGR, LLC ("MGR") is a Wyoming limited liability company, with a principal place of business at 1309 Coffeen Avenue, Suite 1200, Sheridan, WY 82801.

4. Defendant/Third-Party Plaintiff, Rouge Equity, LLC ("Rouge") is a Wyoming limited liability company, with a principal place of business at 1883 West Royal Hunte Drive, Suite 200-A, Cedar City, UT 84720.

5. Kelley Clarke, PC ("KC") is a Texas professional corporation, with a principal place of business at 603 E. Broadway Street, Prosper, Texas 75078.

6. Matthew M. Clarke ("Clarke") is a partner at KC and acted in that capacity on behalf of the firm with respect to the conduct alleged herein.

7. Upon information and belief, Clarke resides in the State of Texas.

8. Jane Doe Clarke is a fictitious name for Clarke's spouse, if any. Once Jane Doe Clarke's true name is discovered, this pleading or proceeding will be amended accordingly.

9. Upon information and belief, all of Clarke's acts alleged herein benefitted the Clarke marital community.

10. Dugan P. Kelley ("Kelley," and together with Clarke and KC, the "Third-Party Defendants") is a partner at KC and acted in that capacity on behalf of the firm with respect to the conduct alleged herein.

11. Upon information and belief, Kelley resides in the State of Texas.

12. Jane Doe Kelley is a fictitious name for Kelley's spouse, if any. Once Jane Doe Kelley's true name is discovered, this pleading or proceeding will be amended accordingly.

13. Upon information and belief, all of Kelley's acts alleged herein benefitted the Kelley marital community.

## JURISDICTION AND VENUE

14. This Court has jurisdiction over the claims that the Wasserson Plaintiffs brought against Defendants/Third-Party Plaintiffs under 28 U.S.C. § 1332 because the amount in controversy exceeds $75,000.00 and there is complete diversity of citizenship among the parties.

15. This Court similarly has jurisdiction over the claims that Defendants/Third-Party Plaintiffs bring against the Third-Party Defendants under 28 U.S.C. § 1332 because the amount in controversy exceeds $75,000.00 and there is complete diversity of citizenship among the parties.

16. Subject matter jurisdiction further exists over the claims that Defendants/Third-Party Plaintiffs assert against Third-Party Defendants under 28 U.S.C. § 1367 because they are so related to the claims that Wasserson Plaintiffs assert against Defendants/Third-Party Plaintiffs that they form part of the same case or controversy.

17. This court has personal jurisdiction over Third-Party Defendants because, among other things, Third-Party Defendants provided (or failed to provide) advice to Wyoming business entities in that resulted in harm in Wyoming.

18. Venue is proper in this District under 28 U.S.C. § 1391(b) as a substantial part of the events or omissions giving rise to the third-party claims occurred in this District.

## BACKGROUND

19. The Wasserson Plaintiffs brought suit against Defendants/Third-Party Plaintiffs asserting, among other things, negligent misrepresentation, fraud, and civil liability under Section 10(b)(5) of the Securities Act of 1934.

20. The Complaint filed by the Wasserson Plaintiffs [Dkt. No. 1] (the "Wasserson Complaint") alleges that the Wasserson Plaintiffs' action against the Defendants results from a "bait-and-switch" regarding the solicited investment in a Wyoming entity—SBM—formed to own, improve, and operate a residential multifamily property commonly known as Sanctuary on Broadway Apartments (the "Property"). Wasserson Complaint, ¶ 7.

### Third-Party Plaintiffs' Relationship with KC

21. Elisa Zhang, who through an affiliated entity has an interest in Rouge, had an existing relationship with KC prior to the events that form the basis of the Wasserson Complaint.

22. SBM and MGR never had a written engagement letter with KC regarding any matter.

23. Rouge never had a written engagement letter with KC prior to November 2023, at which time Rouge engaged KC on matters unrelated to the events that form the basis of the Wasserson Complaint.

24. All of KC's legal services with respect to SBM and/or the events that form the basis of the Wasserson Complaint were performed without any written engagement letter defining the scope of KC's representation.

25. SBM sought KC's counsel because they believed that KC, and Kelley individually, had expertise in real estate private equity capital raises and general commercial real estate services for multi-family syndicators, investors, and developers.

### The Private Placement Memorandum

26. On or about March 18, 2022, SBM distributed a confidential Private Placement Memorandum (the "PPM") inviting sophisticated and accredited investors to invest in SMB.

27. After its initial distribution, the PPM was supplemented eight times, with the final supplement being dated August 5, 2022 (collectively, the "Supplements").

28. The PPM included as an exhibit, and incorporated by reference, the Company Agreement of Sanctuary Broadway Multifamily, LLC (the "SBM Company Agreement").

29. The Third-Party Defendants drafted, and advised SBM on, the PPM and its Supplements.

30. The Third-Party Defendants drafted, and advised SBM on, the SBM Company Agreement.

31. On or about May 10, 2022, Plaintiff Gregory Wasserson purchased 100 Class A Units of SBM in exchange for a $500,000.00 investment.

32. On or about May 16, 2022, Plaintiff James Wasserson purchased 1,000 Class A Units of SBM in exchange for a $1 million investment.

33. The Wasserson Plaintiffs allege that they reasonably relied upon the truth and accuracy of the information contained within the PPM when making their investments and submitting their subscription agreements in SBM. Wasserson Complaint, ¶ 62.

**The Joint Venture**

34. On or about May 13, 2022, SBM and Electra Capital PM II A LLC ("Electra") entered into Sanctuary Multifamily JV, LLC, a Delaware limited liability company (the "JV") pursuant that certain Limited Liability Company Agreement of Sanctuary Multifamily JV, LLC (the "JVOA").

35. Pursuant to the JVOA, SBM was to manage the JV and hold 17,600 units of common interest, while Electra would hold 7,500 units of common interest.

36. The JVOA provided, among other things, that Electra was to receive certain monthly payments in exchange for its capital contribution (the "Monthly Electra Payments").

**Alleged PPM Deficiencies**

37. The Wasserson Plaintiffs allege that "[n]either the PPM nor any supplement disclosed the existence of the JV, JOVA, or any relationship with Electra, nor did the Business

5

Summary contain any reference or calculation describing or account for the Monthly Electra Payments." Waaserson Complaint, ¶ 31.

38. The Wasserson Plaintiffs allege that on or about May 13, 2022, the JV closed on and acquired title in the Property via special warranty deed. *Id.* at ¶ 33.

39. The Wasserson Plaintiffs allege that Defendants should have disclosed the existence of the JV and JVOA. *Id.* at ¶ 44.

40. The Wasserson Plaintiffs allege that particulars regarding title to the Property should have been disclosed or otherwise made public prior to accepting their investment. *Id.*

41. The Wasserson Complaint alleges that the existence of the JV, JVOA, and further details regarding title to the Property was fundamentally material information that should have been disclosed to investors in the PPM. *Id.*

42. The Wasserson Complaint alleges that Section 16 of the Form D Notice of Exempt Offering of Securities filed with the Securities and Exchange Commission on May 19, 2022 (the "<u>SBM Form D</u>") contained false information when it stated that "SBM had not and did not propose to use any proceeds from the Offering for payments to any executive officers, directors or promoters." *Id.* at ¶¶ 41–42.

43. The Wasserson Complaint alleges that some of the information contained in the PPM was materially false and/or misleading, specifically:

    a) "The existence or participation in the JV;

    b) Electra's involvement in financing the purchasing of the Property and the financing terms therewith;

    c) The JV's ownership of the Property rather than SBM;

    d) The payments and or equity credits provided to the Non-Contributing Sponsors." *Id.* at ¶ 59.

44. KC was aware of, and advised SBM on, SBM's transactions with Electra.

45. KC drafted, and advised SBM on, the JVOA.

46. KC drafted, and advised SBM on, the SBM Form D.

## First Claim for Relief
## (Negligence/Legal Malpractice)

47. Third-Party Plaintiffs incorporate all of the preceding allegations as if set forth herein.

48. Third-Party Plaintiffs sought legal advice, and KC undertook to provide and did provide legal advice to Third-Party Plaintiffs regarding the PPM, the JV, the JVOA, the SBM Form D, and all other legal matters related to the SBM syndication and efforts to acquire an interest in the Property.

49. Third-Party Plaintiffs had an attorney-client relationship with KC.

50. KC owed Third-Party Plaintiffs a duty to use and exercise reasonable skill, care, discretion, and judgment in the provision of legal services.

51. Pleading in the alternative and with the express understanding that Defendants/Third-Party Plaintiffs have denied and continue to deny the allegations in the Wasserson Complaint, Defendants/Third-Party Plaintiffs state that it was reasonably foreseeable to KC that failure to advise Defendants/Third-Party Plaintiffs of any untrue statement of a material fact or omission of a material fact in the PPM may adversely affect Defendants/Third-Party Plaintiffs.

52. Pleading in the alternative and with the express understanding that Defendants/Third-Party Plaintiffs have denied and continue to deny the allegations in the Wasserson Complaint, Defendants/Third-Party Plaintiffs state that, if judgment is entered on any of the claims in the Wasserson Complaint, then KC breached its fiduciary duties to Defendants/Third-Party Plaintiffs in failing to advise Defendants/Third-Party Plaintiffs with respect to the PPM and all other legal matters related to the SBM syndication and efforts to acquire an interest in the Property.

53. Pleading in the alternative and with the express understanding that Defendants/Third-Party Plaintiffs have denied and continue to deny the allegations in the Wasserson Complaint, Defendants/Third-Party Plaintiffs state that, if judgment is entered in favor

of the Wasserson Plaintiffs on any of the claims in the Wasserson Complaint, Defendants/Third-Party Plaintiffs will be damaged in an amount to be determined at trial.

54. Pleading in the alternative and with the express understanding that Defendants/Third-Party Plaintiffs have denied and continue to deny the allegations in the Wasserson Complaint, in the event that judgment is entered in favor of the Wasserson Plaintiffs on any of the claims in the Wasserson Complaint, KC's breach of its duties to Defendants/Third-Party Plaintiffs is the proximate cause of such damages.

## PRAYER FOR RELIEF

WHEREFORE, Third-Party Plaintiffs pray for judgment against the Third-Party Defendants as follows.

A. Judgment in their favor against the Third-Party Defendants for damages in an amount to be proved at trial;

B. An award to Third-Party Plaintiffs of their costs, expenses, and fees, including reasonable attorneys' fees; and

C. Such other relief as this Court may deem just, equitable, and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b), Third-Party Plaintiffs demand a jury trial on all issues triable by jury.

Respectfully submitted this 14th day of August, 2024.

                                                   */s/ Anthony P. Cali*
Zane A. Gilmer
STINSON LLP
1144 Fifteenth Street, Suite 2400
Denver, CO 80202
Phone: 303.376.8416
Email: zane.gilmer@stinson.com

Thomas J. Salerno (Pro Hac Vice)
Anthony P. Cali (Pro Hac Vice)
STINSON LLP
1850 N. Central Avenue, Suite 2100

Phoenix, AZ 85004
Phone No.: 602.279.1600
Emails: Thomas.Salerno@stinson.com
         Anthony.Cali@stinson.com

*Attorneys for Defendants/Third-Party Plaintiffs Sanctuary Broadway Multifamily, LLC, Sanctuary MGR, LLC, and Rogue Equity, LLC*

9